## CITY OF ANTHONY v. WOONSOCKET INSTITUTION FOR SAVINGS.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1895.)

### No. 534.

APPEAL—HARMLESS ERROR.
In an action against a city on interest coupons, the city cannot complain of error in admitting the coupons, without proof of their execution, if it subsequently itself offered evidence amply sufficient to establish the due execution and delivery of the bonds to which the coupons were attached.

In Error to the Circuit Court of the United States for the District of Kansas.

Geo. B. Crooker, F. C. Raney, Kos Harris, and R. R. Vermilion, for plaintiff in error.

W. H. Rossington and Charles Blood Smith, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This suit was brought by the Woonsocket Institution for Savings, the defendant in error, against the city of Anthony, the plaintiff in error, to recover the sum of $2,850, the same being the amount due as interest on certain municipal bonds that were issued by the city of Anthony on October 1, 1888. The interest sued for was evidenced by certain coupons attached to the bonds, and the present action was founded upon the coupons, which were filed with the petition as exhibits.    On the trial of the case the plaintiff below offered the coupons in evidence without proving their execution, and the defendant below objected to their introduction, on the ground that they were "incompetent, irrelevant, and immaterial."    The trial court overruled the objection, and subsequently rendered a judgment in favor of the plaintiff for the amount due on said coupons, with accrued interest.

The only error assigned upon the present record, which can be noticed, is the action of the court in overruling the objection to the admission of the coupons in evidence.    The Civil Code of Kansas provides that:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account, duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." 2 Gen. St. Kan. 1889, par. 4191.

In the present case the defendant city had denied the execution of the coupons in suit by a plea duly verified by affidavit, and it was therefore incumbent on the plaintiff to prove the due execution of the coupons before they were admitted in evidence.    But the error complained of in admitting the coupons without proving their execution was subsequently cured and rendered immaterial by the action of the defendant city in offering evidence in its own behalf, which was amply sufficient to establish the due execution and delivery of the bonds to which the coupons in suit were attached.    It offered testimony which clearly showed that the bonds from which the coupons in suit had been detached were duly executed and delivered by the defendant city on October 1, 1888, to a banker by the name of W. H. Hurd, to take up and refund certain certificates of indebtedness and city warrants that were then held by said Hurd, and constituted an indebtedness on the part of the city.    There was other evidence in the case which showed that the bonds thus issued to said Hurd were subsequently sold by him to the firm of Spitzer & Co., and that they were afterwards purchased by the present plaintiff, the Woonsocket Institution for Savings, and were held and owned by it at the commencement of the present action.    Under these circumstances, it is manifest that the defendant city is not in a position to complain of the action of the trial court in permitting the coupons to be read in evidence without antecedent proof of their execution, and, as no other error is assigned upon the record which can be reviewed, the judgment of the circuit court is affirmed.